**BUBERL v. SOUTHERN PAC. CO.**
No. 29405.

United States District Court
N. D. California, S. D.
April 20, 1950.

Ryan & Ryan, San Francisco, Cal., for plaintiff.

Burton Mason and W. A. Gregory, Jr., San Francisco, Cal., for defendant.

GOODMAN, District Judge.

On April 19, 1948, Clarence G. Buberl commenced an action in this Court against the Southern Pacific Company, under the Federal Employers' Liability Act, 45 U. S.C.A. § 51 et seq., to recover damages for personal injuries suffered on January 31, 1947 while employed by the Company as an engine foreman. He alleged in his complaint that at the time he was injured he was an able bodied man, capable of earning, and in fact earning $3,800 a year. He further stated that as a proximate result of the defendant's negligence and the injuries caused thereby, he had been "unable to follow his usual occupation as an engine foreman or to work in any other comparable capacity with defendant," and had been informed and therefore alleged that in the future he would be "permanently disabled from following his usual occupation." At the trial, Buberl's medical experts testified that in their opinion, without a fusion operation, Buberl would be unable for several years, or perhaps ever, to resume the strenuous duties of an engine foreman. Assuming a successful fusion operation, they stated, it would be at least six months to a year before he could return to work.[1] On November 15, 1948, the jury returned a verdict in favor of Buberl and assessed his damages at $26,-750.

Less than five months thereafter, on April 8, 1949, Buberl, not having been operated on, informed the Southern Pacific Company that his physical condition was such that he could resume his duties. He was denied reinstatement on the ground that he had claimed and collected for the permanent loss of his ability to work as engine foreman or in any comparable position.

Failing in an attempt to persuade the Southern Pacific Company to change its position, Buberl, on January 10, 1950 brought this action to recover damages for loss of wages since April 8, 1949, for prospective loss of wages, and for loss of seniority rights. His suit is based on Article 57, Section (f) of a contract between the defendant and The Brotherhood of Railroad Trainmen which provides that "Where discharge (or suspension) is found to have been unjust, the employee shall be returned to service and paid for wage loss." The defendant has moved for a summary judgment in its favor.

That the defendant is entitled to summary judgment is manifest. The jury's award in the tort action was obviously intended to compensate Buberl for a permanent or protracted loss of opportunity to work as an engine foreman.[2] Having once recovered for this loss it is unconscionable for him to attempt to do so again. No factual issue prohibits a summary judgment. Buberl's physical condition at the time he sought reinstatement (which might pose a factual question) is immaterial since the jury's award was based substantially on future loss of earning capacity.

Judgment must also be for the defendant for another reason. The collective bargaining agreement, and the agreed interpretations thereof, which governed plaintiff's employment, require employees who are dissatisfied with the decision of their Superintendent on any claim respecting employment to notify him of their intention to appeal to the General Manager or his representative. This plaintiff failed to do.

Summary judgment in favor of defendant may enter.

---

1. This is revealed in the transcript of the trial testimony.

2. This is self evident inasmuch as there was less than 2 years loss of earnings at the time the verdict was rendered.