**Lazaro V. CHAVIRA, Plaintiff,**

v.

**SOUTHERN PACIFIC COMPANY, a corporation, Defendant.**

**No. 37415.**

United States District Court
N. D. California, S. D.

Sept. 7, 1960.

252

Charles W. Decker, San Francisco, Cal., for plaintiff.

A. Burton Mason, W. A. Gregory, San Francisco, Cal., for defendant.

OLIVER J. CARTER, District Judge.

The plaintiff, a citizen of the State of California, has commenced an action against the defendant, a Delaware corporation, claiming damages which exceed the sum or value of $3,000. The jurisdiction of the Court is based upon 28 U.S.C. § 1332.

Plaintiff seeks to recover damages for wrongful discharge by defendant in violation of a collective bargaining agreement. According to the allegations of the amended complaint, the plaintiff was employed by the defendant in 1950 as a laborer. This employment continued until August 1, 1956, when he was injured while working in the defendant's lumber yard. A complaint for personal injuries was filed in this Court on September 10, 1956, in which the plaintiff complained:

" * * * That by reason of the carelessness and negligence of defendant, and as a direct and proximate result thereof, plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and received the following personal injuries, towit:—Injuries to his right foot, ankle, leg, and other parts of his body, extreme pain and suffering, and a severe shock to his entire nervous system.

VII.

"That at the time of the happening of the accident, plaintiff was a strong and able-bodied man capable of earning, and he was earning, the sum of approximately $305.00 per month; that by reason of the facts hereinabove alleged and the injuries proximately caused plaintiff thereby, plaintiff is now and will be for an indefinite period of time in the future, rendered incapable of performing his usual work or services, or any work or services whatsoever, all to plaintiff's damage in an amount as yet unascertainable * * *"

Before the matter went to trial, the plaintiff compromised with the defendant on April 10, 1957, accepting the sum of $28,000 in full settlement of his claim, and releasing defendant and resigning from employment with defendant. Shortly thereafter on July 15, 1957, the

plaintiff, claiming to have been certified by the defendant as physically fit to return to his work, presented himself to the defendant and demanded to be reinstated in his position. The defendant refused to return the plaintiff to work, and this action was filed eleven months after such refusal.

Defendant has moved for summary judgment asserting that the settlement of the F.E.L.A. case is a bar to this action.

The basic argument of plaintiff is that in the action for personal injuries, he merely alleged that he would be incapable of performing his usual work for an indefinite period of time, and that he did not allege that he had been permanently disabled, and, therefore, his settlement recovery cannot be for loss of future earnings.

The defendant, contesting this claim, has argued that the settlement of $28,000 could only be construed as damages for the loss of future earnings. The following cases, Scarano v. Central R. Co. of New Jersey, 3 Cir., 1953, 203 F.2d 510; Buberl v. Southern Pacific Co., D. C.N.D.Cal.1950, 94 F.Supp. 11; Wallace v. Southern Pacific Co., D.C.N.D.Cal. 1951, 106 F.Supp. 742; Sands v. Union Pacific R. Co., D.C.Or.1956, 148 F.Supp. 422; Pendleton v. S. P. Co., 21 CCH, Labor Cases § 66883 (1952); Boring v. S. P. Co., Civ. #34528, (1956); and Dalbo v. S. P. Co., Civ. #34580, (1955), all involved substantially the same issue, and in all of them, except Wallace, summary judgment was granted to the defendant.

The first amended complaint is framed in two alleged causes of action, the first of which asks for damages for the alleged breach of the collective bargaining agreement, and the second of which asks for damages for the alleged breach of an agreement by defendant that "plaintiff's status as an employee of defendant would in no way be impaired, prejudiced, jeopardized or otherwise affected by his institution of said action (the F.E.L.A. action), said settlement and compromise thereof, or the acceptance by plaintiff of the sum of $28,000 pursuant to said compromise and settlement."

As to the first cause of action, or claim for relief, an analysis of the F.E.L.A. settlement demonstrates that a substantial portion of the settlement figure of $28,000 could only have been made for loss of future earning capacity. Plaintiff was almost fifty-three years of age and had approximately twelve years of working life prior to the retirement age of sixty-five; his earnings were approximately $3,600 per year; there was no claim for medical expenses; and he was ready to return to work seventy-one days after the settlement. The injury occurred on August 1, 1956, and the settlement was made on July 15, 1957, almost one year from the date of injury, therefore no more than $3,600 could be assigned to lost earnings, and the balance of the $28,000 settlement, or $24,400 must be assigned to loss of future earnings, and pain and suffering. All of the remainder cannot be apportioned to pain and suffering, and a substantial portion must be considered as an award for loss of future earning capacity. These facts bring plaintiff's first claim within the purview of the above cited cases, and summary judgment should be granted to defendant on that cause of action upon the authority of those cases.

As to the second cause of action, or claim for relief, plaintiff attempts to make a contested issue of the resignation which was executed by the plaintiff as a part of the settlement transaction by alleging that there was an understanding at the time of the settlement that plaintiff's employment status would not be affected by the settlement. If the validity of the resignation was the issue plaintiff would be correct in his contention, but, in making the contention, plaintiff misconceives the issue and misconstrues the basic premise behind the cases which prohibit recovery in this situation. The issue is whether plaintiff will be permitted to recover damages for a breach of contract of employment when he has already recovered damages for loss of future earning capacity from his employer

as the result of the settlement of a tort action against the employer for personal injuries. In Scarano, supra, the court said:

"The 'estoppel' of which, for want of a more precise word, we here speak is but a particular limited application of what is sometimes said to be a general rule that 'a party to litigation will not be permitted to assume inconsistent or mutually contradictory positions with respect to the same matter in the same or a successive series of suits.' II Freeman on Judgments § 631 (5th ed. 1925). Whether the correct doctrine is that broad we do not decide. The rule we apply here need be and is no broader than this. A plaintiff who has obtained relief from an adversary by asserting and offering proof to support one position may not be heard later in the same court to contradict himself in an effort to establish against the same adversary a second claim inconsistent with his earlier contention. Such use of inconsistent positions would most flagrantly exemplify that playing 'fast and loose with the courts' which has been emphasized as an evil the courts should not tolerate. See Stretch v. Watson, 1949, 6 N.J. Super. 456, 469, 69 A.2d 596, 603, reversed in part on other grounds, 5 N.J. 268, 74 A.2d 597. And this is more than affront to judicial dignity. For intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." 203 F.2d 512–513.

In Buberl, supra, the court said:

"* * * The jury's award in the tort action was obviously intended to compensate Buberl for a permanent or protracted loss of opportunity to work as an engine foreman. Having once recovered for this loss it is unconscionable for him to attempt to do so again. No factual issue prohibits a summary judgment. Buberl's physical condition at the time he sought reinstatement (which might pose a factual question) is immaterial since the jury's award was based substantially on future loss of earning capacity." 94 F.Supp. 12.

The validity of plaintiff's resignation is immaterial and need not be considered on determination of the motion for summary judgment. For the purposes of the motion plaintiff's claims will be treated as if he had not resigned. It is plaintiff's attempted second recovery which is barred. This is fatal to both causes or claims.

Defendant's motion for summary judgment is granted. Counsel for defendant shall prepare and present findings, conclusions and a judgment in accordance herewith.