Regis O’Brien, J.
The defendant seeks two orders in motions directed against the complaint. The first is ‘ ‘ for an order dismissing the complaint * * * upon the ground that the action has no merit; ” and the second is, “ for an order pursuant to Rule 107 (1) * * * dismissing the complaint upon the ground that the court has no jurisdiction of the subject of the action ”.
The complaint alleges: that Panzarella, an employee of defendant was discharged August 13, 1955; that at that time he was earning $440 a month; that under the provisions of article 64 of the collective bargaining agreement between the defendant and the union (Brotherhood of Railroad Trainmen) of which plaintiff was a member, it is provided that no emloyee of the defendant would be discharged without just cause; that the defendant violated said agreement and wrongfully discharged plaintiff; and that plaintiff has suffered damages in the amount of $21,000 for which he demands judgment.
The amended answer denies those allegations and, in affirmative defenses, alleges that plaintiff was given a hearing, in accordance with the provisions of the agreement on the charge of violating a rule of the railroad, known as Number 920, and, after having been found to have violated it he was dismissed from service. It also alleges as an affirmative defense that plaintiff did not avail himself of the procedure afforded him by the Railway Labor Act and, therefore, this court has no jurisdiction of his suit.
The Court of Appeals long ago announced, that, ‘ ‘ In this state the rule is well settled that unless a definite period of service is specified in the contract, the hiring is at will and the master has the right to discharge and the servant to leave at any time.” (Watson v. Gugino, 204 N. Y. 535, 541 [1912].)
*58 The question arises, does the provision in the collective agreement that “no employee — would be discharged without just cause ” change the hiring from an indefinite to a definite term? “ Yes ”, said the plaintiff. “ No ”, says the defendant.
In the case of Barth v. Addie Co. (271 N. Y. 31), the plaintiff, claiming that he was discharged without cause, sought to recover wages from the date of his discharge to the date of the expiration of the collective agreement. The court, however, limited the recovery to wages for two weeks, the extent of the notice which the agreement provided should be given.
In the recent case of Parker v. Borock (5 N Y 2d 156, 159) the Court of Appeals stated that “ It is clear that wage provisions in the collective bargaining agreement inure to the direct benefit of employees ”.
Judge Burke, who wrote the prevailing opinion in the Parker case, commented that, “Implicit in this ruling [Barth case] is the finding that the contract of employment can be modified by a collective agreement limiting the right to discharge an employee,” (p. 161), but, commented Judge Yak Yoorhis, in his concurring opinion—“ the clause in this labor contract [Parker case] that no regular employee shall be discharged or disciplined without good and sufficient cause, is not equivalent to providing term employment for each employee until the expiration date of the collective bargaining agreement ” (pp. 163-164).
Panzarella, being entitled to the benefit of the provision of the collective agreement (art. 64) could not be discharged at will (Parker v. Borock, supra). Without such benefit he could have been dismissed at will (Watson v. Gugino, supra).
In construing written agreements, it is well settled that the entire writing must be considered and not just one provision.
Under the terms of the collective agreement, the employee accepts the benefits of the provisions restricting the employers right to dismiss him, only for just cause (art. 64); the agreement must be construed that he also accepts the grievance procedure therein provided by which such “just cause” is to be determined.
That grievance procedure was followed in Mr. Panzarella’s case. He appeared in trainmaster’s office, in answer to a charge of having violated rule 920 of the railroad. This provides: “Freight brakemen report to and receive instructions from the train master and will obey orders of the conductor and yard master.”
The minutes of the hearing bearing Mr. Panzarella’s signature are attached to the attorneys’ affidavit, marked Exhibit “ A ” and made a part thereof.
*59 Mr. Panzarella conceded being familiar with the rule and the minutes then continue: “ Q. Do you admit violation of Buie 920, rules for the government of the operating department? A. I admit violating that rule at 12:20 p.m. at Central Terminal.”
The charge was thus admitted, except at to the time the event occurred. The plaintiff claimed that the incident occurred at 12:20 p.m:. (noon), and not 11:55 a.m., as charged.
The last question propounded to Mr. Panzarella was: “ Q. Has this investigation been held in a fair and impartial manner and in accordance with schedule requirements? ” to which he replied: “ A. Yes.”
The hearing, according to the minutes, started at 3:05 p.m. and continued until completed at é :25 p.m.
The plaintiff did not commence this action until 1958.
The' hearing, at which he was found guilty of a violation of rule 920 was held August 19, 1955.
It appears that, under date of April 7, 1958, a letter was sent to the general chairman of the 1 ‘ Brotherhood of Bailroad Trainmen ’ ’, in reply to his letter of March 17, 1958, refusing the request that Mr. Panzarella, “ Be permitted to return to service with seniority rights unimpaired ” (see Exhibit B).
A previous request, sent by Mr. Panzarella in January of 1957, was similarly treated.
According to the record, the railroad discharged Mr. Panzarella after a hearing. He conceded that it had “ been held in a fair and impartial manner and in accordance with schedule requirements ”.
There is no further appeal procedure provided for in a dismissal case, in the collective agreement. It is contended, however, by the defendant, that the Bailway Labor Act does provide for such an appeal but that Mr. Panzarella did not pursue it. He chose to seek reinstatement by the letters to which reference has been made. The efforts proved unsuccessful and he commenced this action.
Under the circumstances, he cannot take advantage of the provisions of the collective bargaining agreement to get a hearing on the issue of his discharge and subsequently ignore them when he was found guilty and dismissed.
Having reached this conclusion, it is unnecessary to determine each motion separately.
Defendant is granted summary judgment dismissing the complaint.