Frank SATTERFIELD, Plaintiff-Appellant,

v.

The PENNSYLVANIA RAILROAD COMPANY, Defendant-Appellee.

No. 18, Docket 28143.

United States Court of Appeals Second Circuit.

Argued Oct. 3, 1963.

Decided Oct. 18, 1963.

William McKelvey, New York City, for plaintiff-appellant.

R. L. Duff, Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant-appellee.

Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.

PER CURIAM.

This appeal from dismissal of an action of a former railroad baggage-man for wrongful discharge, brought in the District Court for the Southern District of New York on the basis of diverse citizenship, again raises the issue of the preclusive effect of failure to exhaust remedies provided in a collective bargaining agreement between a union and an employer subject to the Railway Labor Act, 45 U.S.C. § 151 et seq. The present agreement, between The Pennsylvania Railroad Company and its clerical, office, station and storehouse employees, represented by the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employes, became effective May 1, 1942, but was amended effective November 1, 1955, in a manner crucial to the issue here. Prior to 1955, it had provided only, so far as here relevant, that "An employee who considers that an injustice has been done him in discipline matters and who has appealed his case in writing to the Superintendent * * * within ten days, will be given a hearing" (Rule 7–A–1(a)); the agreement also had provision for discussion by the railroad's Superintendent and the Brotherhood's Division Chairman of claims "for compensation" which the Railroad had denied (Rule 7–B–1(e)), but it did not provide for appeal to the National Railroad Adjustment Board. 45 U.S.C. § 153, First (i). The 1955 amendment added a number of new subdivisions to Rule 7–B–1; these included a provision that monthly meetings should be held between each Superintendent of Personnel and Division Chairman "for the purpose of disposing, if possible, of disputes growing out of grievances, or out of the interpretation or application of agreements concerning rules, rates of pay and

working conditions, as well as discipline cases"; that additional monthly meetings on a system-wide basis should be held between the Railroad's Manager of Labor Relations and the Brotherhood's General Chairman "for the purpose of disposing of matters not settled with the Superintendents of Personnel"; and that "All claims or grievances involved in a decision by the Manager of Labor Relations shall be barred unless within one year from the date of said officer's decision proceedings are instituted by the General Chairman before the Third Division of the National Railroad Adjustment Board."

Satterfield was dismissed for alleged breach of company regulations in 1957, without, as he claimed, having received from the company a "fair and impartial trial" as required by Rule No. 6 of the agreement. The Brotherhood's representative carried his complaint through the machinery provided in the contract, and the Adjustment Board directed that he receive a trial. This having been had, the Railroad renewed the notice of dismissal. On this occasion no further proceedings were taken pursuant to the agreement either by Satterfield or by the Brotherhood on his behalf; instead Satterfield brought this action for damages for wrongful discharge. Judge Sugarman granted a motion by the Railroad for summary judgment, overruling Satterfield's claim that the contract provisions for such proceedings were not mandatory but permissive only.

Although the Brotherhood's agreement with the Pennsylvania is not so plain in requiring an employee aggrieved by a discharge to travel the road ending with the Adjustment Board as the contract in Larsen v. American Airlines, Inc., 313 F.2d 599 (2 Cir. 1963), was in requiring an appeal, we think the 1955 amendment had the effect of limiting discharged employees to the procedure for discussion and adjustment therein provided. See also Belk v. Allied Aviation Service Co., 315 F.2d 513 (2 Cir. 1963). If we entertained more doubts as to the interpretation of the agreement than we

do, we should resolve them in favor of that construction in view of the custom in the industry and the policy embodied in the Railway Labor Act. Compare Pennsylvania R. Co. v. Day, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422 (1959); Brotherhood of Locomotive Engineers v. Louisville & Nashville R. Co., 373 U.S. 33, 83 S.Ct. 1059, 10 L.Ed.2d 172 (1963).

Affirmed.