**J. H. HODGES and Brotherhood of Railroad Trainmen**

v.

**ATLANTIC COAST LINE RAILROAD CO.**

Civ. A. No. 582.

United States District Court
N. D. Georgia,
Newman Division.

Dec. 7, 1964.

Hewlett & Ward, Atlanta, Ga., for plaintiff.

Lovejoy & Mayer, LaGrange, Ga., and Walter D. Sanders, Newnan, Ga., for defendant.

MORGAN, District Judge.

Defendant Atlantic Coast Line Railroad Company has filed a motion for summary judgment in its favor under Rule 56 of the Federal Rules of Civil Procedure on the ground that there is no genuine issue as to any material fact with respect to the basis of this Motion and that the pleadings included Admissions of Fact contained in Request for Admission of Fact Nos. 1, 2, 3, 4, 5, 6, and 7, and which under the Order of this Court, on July 8, 1964, are to be considered true as to all of the matters contained therein, show that the Respondent is entitled to a judgment as a matter of law.

Defendant asserts that Plaintiff is estopped from pursuing his claim for reinstatement and for pay for lost time, as well as attempting to show that he is now physically able to return to work as a trainman by reason of the facts which is the basis of Defendant's motion.

On July 24, 1961, Petitioner in the above styled case filed in this Court his petition for the enforcement of an award and Order of the National Railroad Adjustment Board rendered on August 6, 1959. The petition alleged that a dispute between Petitioner and Defendant having arisen out of the wrongful discharge by reason of the Defendant's having removed Petitioner from the seniority list as a trainman and that the Defendant had refused to carry out the provisions of an award of the National Railroad Adjustment Board.

It is further alleged in the petition that Petitioner Hodges recovered a verdict in a suit for damages in the Fulton County Superior Court on January 6, 1955 against Defendant railroad company in the amount of $22,005.28 and that said judgment was paid by defendant railroad company in April 1955. It was further alleged that on April 1, 1957, Petitioner Hodges was instructed by the Defendant to turn in his Rule

Book and switchkey and was advised that his seniority had been terminated due to the fact that Petitioner had alleged and proved in his State Court action that he was no longer physically able to perform his duties as a trainman.

Petitioner further alleges that on September 30, 1957, he furnished the Defendant with a letter from an orthopedic surgeon advising Defendant that he was then able to return to work as a trainman but that the Defendant refused to permit Petitioner to return to work and to reinstate his name in the seniority roster.

Thereafter the issues were submitted to the National Railroad Adjustment Board and said Board ordered that a physician be appointed by Petitioner and by Defendant to ascertain whether Petitioner Hodges was able to return to work and if these two physicians failed to agree, that a third physician be appointed. A physician was not appointed by the Defendant railroad company and the prayer of the petition is that the Court order Defendant to designate an examining physician to examine Petitioner and determine his physical ability to return to work for Defendant as a trainman.

The Defendant filed a motion to dismiss the suit on the ground that the award was not a final award in that it was in the alternative and was too vague to be final and enforceable. This Court sustained the motion and an appeal was taken to the United States Court of Appeals for the Fifth Circuit, which Court reversed this Court and remanded the case to the District Court with instructions that the case be returned to the Railroad Adjustment Board for its determination of the physical condition of Hodges as of October, 1957.

The Defendant had filed an answer to the petition and set up as its third defense that the Plaintiff having in a complaint filed in the Superior Court of Fulton County alleged that he was totally and permanently disabled from railroading, and that such disability would continue in the future, and supported such contention by proof, upon which a ver-

dict and judgment was rendered, and the judgment paid, and that said Plaintiff is now estopped from asserting that he was entitled to return to his former position with the railroad as a trainman, and is further estopped from demanding and receiving any wages from the Defendant.

In the decision of the Circuit Court of Appeals, Hodges v. Atlantic Coast Line Railroad Co., 5 Cir., 310 F.2d 438, the Court did not pass upon the question of estoppel as raised by the Defendant in its answer. Judge Brown in the opinion stated: "We emphasize this at the outset so that when and as hearings are later held to enforce the ultimate award, nothing said, or unsaid, by us here will be interpreted as a declaration as to what the facts are or the nature of relief, if any, to which the Employee is entitled".

In accordance with the opinion of the Court of Appeals, this Court remanded the case to the National Railroad Adjustment Board for its determination as to Hodge's physical ability to return to work on or before October 21, 1957.

On January 8, 1964, an award was entered by the Railroad Adjustment Board. In this award the Board did not find that Hodges was physically able to return to work as a trainman on October 21, 1957, but did find that he was physically able to return to work as a trainman as of January 29, 1963 and should have been restored to service not later than that date and that he should be paid for all lost time since January 29, 1963.

The Plaintiff then filed an amendment to the original petition setting up the last award and again asking that the award be enforced. To this amendment the Defendant filed an answer again setting up as a defense that Petitioner Hodges having alleged permanent and total disability for railroad employment, and having introduced evidence in support thereof both by himself and his physician, and having recovered a substantial judgment based on these contentions, that he is now and forever estopped from alleging that he is no longer permanently and totally disabled and therefore qualified to fulfill the

duties of a trainman for the Defendant, and that he is further estopped from demanding and receiving any wages from the Defendant.

The question to be determined is whether under the facts and the law, the Plaintiff is estopped as contended by the Defendant in its original answer and in the answer to the amended petition.

In the complaint filed by Hodges on which the judgment was obtained against the Defendant railroad company in the Fulton County Superior Court Hodges alleged the injuries received and further alleged said injuries to be permanent. Also in the State action Hodges alleged that because of the injuries sustained, he was totally and permanently disabled from all work from January 6, 1955, and that the disability will continue in the future, the exact duration of which Petitioner Hodges could not state. In the prayers of the complaint, Hodges sought to recover damages for the loss of earnings past, present and future in addition to pain and suffering and for medical expenses. Medical testimony offered by the Complainant was to the effect that the work requiring standing and using his foot, he (Hodges) might be 100% disabled, but that he could do other work not involving the type work he had been doing.

Thereafter the State Trial Court instructed the jury that the jury should consider whether Hodges' injuries were permanent to such an extent that he could not perform the work of a railroad trainman. After considering the evidence and the instructions from the Court, the jury returned a verdict for Hodges against Defendant in the amount of $22,005.28.

This Court in the case of Jones v. Central of Georgia Railroad Company, D. C., 220 F.Supp. 909 (1963) considered a case very similar to the facts in the present case. In the Jones case, a motion for a summary judgment was granted by this Court and the holdings of this Court was to the effect that the Trial Court had jurisdiction of the matter and that the Court had the right to consider and review the award, same being a money award, and that under the facts of the case Jones having obtained a verdict for $21,850.00 in an action against the Central of Georgia Railroad, which was paid in full, that Jones was estopped with respect to his request for reinstatement and his request for pay for lost time.

The case of Jones v. Central of Georgia Railroad Company was appealed to the Fifth Circuit Court of Appeals and on May 6, 1964, the Court of Appeals in the case of Jones v. Central of Georgia Railroad Company, 331 F.2d 649 (1964) held:

"Having concluded that the District Court had the right to consider and review the non-money award of the NRAB. We must consider the reasons given by the District Court for its refusal to enforce it. Nothing said by the Trial Court limits the right of an employee to present his complaint to the Board, or his free and unfettered right to sue in the state courts under the Federal Employers' Liability Act without recriminatory reprisals. The Trial Court did conclude that when an employee alleges and successfully proves in such a suit that he is permanently injured and disabled, rendering him unable in the future to perform the work of a switchman, or do other manual labor, and is compensated for lost wages 'past, present and future' and the railroad company pays the full judgment pursuant to such a lawsuit, the railroad is not bound as a matter of law to retain the employee in its services with back pay. The Court grounded its decision on collateral estoppel. In our opinion the reasoning of the Trial Court is sound from a moral and a legal point of view in the circumstances of this case. Davis v. Wakelee, 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578; Scarano v. Central R. Co. of New Jersey, 3 Cir., 203 F.2d 510, affirming, D.C.Pa., 107 F.Supp. 622; Wallace v. Southern Pacific R. Co., D.C., 106 F.Supp.

742; Buberl v. Southern Pacific R. Co., D.C., 94 F.Supp. 11; Ellerd v. Southern Pacific R. Co., et al., D.C., 191 F.Supp. 716, Restatement, Judgments, §§ 45 & 68 (1942), 19 Am. Jur. § 74, page 712."

For the reasons stated above, the motion of Defendant Atlantic Railroad Company for summary judgment is hereby granted.

It is so ordered.