In the Matter of FRANK RYFF, Appellant, v. MARIE RYFF, Respondent. —In a habeas corpus proceeding by a father to modify a prior judgment determining custody and visitation rights with respect to the parties' daughter, in which the mother made a cross motion to further limit the father's visitation rights and to condition such rights on the absence of his parents, the petitioner (father) appeals from so much of an order of the Supreme Court, Queens County, entered December 31, 1964 after a nonjury trial, upon the court's opinion, as in certain respects limited his visitation rights and as directed him to pay $1,300 as a counsel fee to the mother's attorneys. Order modified on the facts by deleting from subparagraph "1" of the third decretal paragraph the provision restricting visitations so that only " every fourth " week-end visitation may be at the home of the petitioner's parents, and by substituting therefor a provision that the visitation rights granted to the petitioner shall be conditioned on the absence of his father from the place of visitation. As so modified, the order, insofar as appealed from, is affirmed, without costs. Findings of fact contained or implicit in the court's opinion insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. In view of the fact that the petitioner resides in the home of his parents, it is our opinion that the order should be modified to the extent indicated herein, particularly since petitioner has indicated that he would have no objection to such condition. Beldock, P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.

JOSEPH JACOBS, Respondent, v. FORD INSTRUMENT COMPANY DIVISION OF SPERRY RAND CORPORATION, Appellant.— In an action to recover damages arising out of the allegedly wrongful discharge of plaintiff by the defendant employer, the latter appeals from a resettled order of the Supreme Court, Queens County, entered February 11, 1965, which: (a) granted plaintiff's motion for summary judgment (CPLR 3212); (b) directed an assessment of the damages; and (c) failed to grant summary judgment in favor of the defendant (CPLR 3212, subd. [b]). Order reversed, without costs; plaintiff's motion for summary judgment denied; summary judgment dismissing the complaint directed in favor of the defendant, and complaint dismissed, without costs. In our opinion, the collective bargaining agreement at bar conferred upon defendant an unqualified, unlimited power to discharge a probationary employee (such as plaintiff) at any time during the probationary period, with or without cause. Even if that were not so, this action would have to be dismissed because plaintiff did not exhaust the grievance procedures provided by the collective bargaining agreement (see *Larsen* v. *American Airlines,* 313 F. 2d 599; *Belk* v. *Allied Aviation Serv. Co.,* 315 F. 2d 513; *Galley* v. *Pennsylvania R. R. Co.,* 220 F. Supp. 190, affd. 324 F. 2d 502; cf. *Johnson* v. *Kings County Light. Co.,* 141 N. Y. S. 2d 411; *Panzarella* v. *New York Cent. System,* 27 Misc 2d 57). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.