■ THEODORE CAFFERY, Respondent-Appellant, v. NEW YORK CENTRAL RAILROAD CO., INC., Appellant-Respondent.— Order unanimously modified by reinstating the second affirmative defense and as modified affirmed, without costs of these appeals to either party. Memorandum: In this action for wrongful discharge plaintiff appeals from that part of Special Term's order which denied his motion made under CPLR 3211 (subd. [b]), to strike the first affirmative defense and defendant appeals from part of the order which struck the second affirmative defense. In an earlier action by plaintiff for serious personal injuries incurred in the course of his employment, the action was settled during trial by payment of $45,000 by defendant. The first of the defenses alleges plaintiff is estopped from claiming reinstatement and asserting his physical fitness to return to work because the earlier action was predicated on his claim of permanent injuries. The correctness of the order in refusing to strike this defense is amply supported by a number of Federal decisions almost precisely in point, which went even further and granted summary judgment to defendant (*Hodges* v. *Atlantic Coast Line R. R. Co.,* 238 F. Supp. 425; *Scarano* v. *Central R. R. Co. of New Jersey,* 203 F. 2d 510; *Jones* v. *Central of Georgia Ry. Co.,* 331 F. 2d 649; *Buberl* v. *Southern Pacific Co.,* 94 F. Supp. 11). This defense creates an issue of fact which cannot be determined until a trial of the issues. The same is true of the second defense based

upon plaintiff's failure to exhaust remedies available to him under the collective bargaining agreement and under section 3 of the Railway Labor Act (U. S. Code, tit. 45, § 153, subd. [i]). This section of the act deals with disputes in the nature of grievances, known as minor disputes, like the one with which we are presently concerned. It provides such grievances " shall be handled in the usual manner * * *; but, failing to reach an adjustment * * * may be referred * * * to the appropriate division of the Adjustment Board". The record is inadequate to determine whether this dispute was treated in the " usual manner" or whether plaintiff did or did not in fact exhaust his contractual remedies. The correspondence submitted by defendant in answer to interrogatories suggests that this question requires further development. Special Term's reliance on *Moore* v. *Illinois Central R. R. Co.* (312 U. S. 630) in dismissing this affirmative defense appears to be not well founded in the light of the recent Supreme Court decision to the contrary in *Republic Steel Corp.* v. *Maddox* (379 U. S. 650). In any event, the fate of the second affirmative defense cannot be determined at this stage of the action and defendant should have the right to assert this claim as an affirmative defense. (Appeal from part of an order of Erie Special Term, which grants the motion to strike the second affirmative defense in defendant's answer; also appeal from part of the same order which denies plaintiff's motion to strike the first affirmative defense in defendant's answer.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.