Salvatore J. PACILIO, Plaintiff-Appellant,

v.

The PENNSYLVANIA RAILROAD COMPANY, Defendant-Appellee.

No. 473, Docket 29314.

United States Court of Appeals
Second Circuit.

Argued May 31, 1967.

Decided June 20, 1967.

---

Leo Gitlin, New York City, for plaintiff-appellant.

Reginald Leo Duff, New York City (Conboy, Hewitt, O'Brien & Boardman, New York City, on the brief), for defendant-appellee.

Before WATERMAN, SMITH and KAUFMAN, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

■■ This is an action for wrongful discharge from employment in which federal jurisdiction is based on diversity of citizenship. The United States District Court for the Southern District of New York, Charles M. Metzner, Judge, in an opinion reported at 230 F. Supp. 752 which fully detailed the factual background of this case, granted the defendant's motion for summary judgment on the ground that the plaintiff had failed to exhaust the administrative remedies provided in the collective bargaining agreement between plaintiff's union and the defendant-employer. We affirm on the New York law, here applicable, see Larsen v. American Airlines, Inc., 313 F.2d 599 (2d Cir. 1963). See also Galley v. Pennsylvania Railroad Co., 324 F.2d 502 (2d Cir.), affirming *per curiam*, 220 F.Supp. 190 (S.D.N.Y.1963); Satterfield v. Pennsylvania Railroad Co., 323 F.2d 783 (2d Cir. 1963).

In Walker v. Southern Railway Co., 385 U.S. 196, 87 S.Ct. 365, 17 L.Ed.2d 294 (1966), the Supreme Court limited the applicability of the federal rule of Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), requiring an attempted exhaustion of administrative remedies prior to the institution of legal proceedings, to cases arising under the Labor Management Relations Act of 1947, 29 U.S.C. § 151 et seq.; discharge grievances subject to arbitration under the Railway Labor Act, 45 U.S.C. § 151 et seq., were to be governed by the principles set forth in Moore v. Illinois Central Railroad Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941) and Transcontinental & Western Air, Inc. v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325 (1953). Walker, supra, 385 U.S. at 198, 199, 87 S.Ct. 365. The Koppal and Moore decisions read togeth-

er permit an aggrieved railroad employee to elect to treat his discharge as final and sue for damages without exhausting his administrative remedies when, and only when, such exhaustion is not required by state law. See *Larsen,* supra, 313 F.2d at 602; Walters v. Chicago & North Western Railway Co., 216 F.2d 332, 335–336 (7th Cir. 1954).

 New York requires a discharged employee first to exhaust the grievance procedures provided by the collective bargaining agreement,[1] Jacobs v. Ford Instrument Co., Div. of Sperry Rand Corp., 24 A.D.2d 600, 262 N.Y.S.2d 183, 184 (2d Dep't 1965),[2] or, as articulated by Judge Swan in Larsen, "to abide by remedies set out in the collective agreement once he had chosen to enforce a right allegedly arising thereunder," 313 F.2d at 602, citing, *inter alia,* Panzarella v. New York Central System, Inc., 27 Misc.2d 57, 207 N.Y.S.2d 933 (Sup.Ct.1960); DiRienzo v. Farrand Optical Co., 148 N.Y.S.2d 587 (Mun.Ct. 1956). If, as is claimed here, the accredited union bargaining representative fails properly to process the aggrieved employee's claim, he must personally press his grievance. *DiRienzo,* supra, 148 N.Y.S.2d at 590. If the collective agreement forecloses him from so acting, his sole recourse is against the union. Parker v. Borock, 5 N.Y.2d 156, 161–162, 182 N.Y.S.2d 577, 156 N.E.2d 297 (1959); *DiRienzo,* supra, 148 N.Y.S.2d at 590.

 Here, the employment rights on which plaintiff relies are clearly derived from the collective bargaining agreement which provides a complete procedure for the successive presentation of grievances by the employee or his union representative to the foreman, the superintendent of personnel, the manager of labor relations and, ultimately, to the System Board of Adjustment, established as an alternative to the National Railway Adjustment Board, pursuant to 45 U.S.C. § 153, Second. As Judge Metzner found below, plaintiff failed to pursue his claim personally, as the agreement entitled him to do, after the union withdrew in 1960, prior to submission to the manager of labor relations, and again in 1963, after denial of the renewed claim by the superintendent of personnel. Moreover, had he proceeded to the manager stage, he could have appealed to the System Board created to settle disputes of the same character, in place of the National Railway Adjustment Board under 45 U.S.C. § 153, Second, which has jurisdiction over discharge grievances, see Walker v. Southern Railway, supra, 385 U.S. at 198, 87 S.Ct. 365, whether presented by the union or by the individual employee, see Elgin, J. & E. Railway v. Burley, 327 U.S. 661, 664, 666, 66 S.Ct. 721, 90 L.Ed. 928 (1946). Having failed to exhaust his administrative remedies, plaintiff cannot now maintain a common law cause of action.

Affirmed.

---

1. It is immaterial that the collective agreement does not expressly compel resort to the administrative procedure as "(p)rovision for arbitration of a discharge grievance, a minor dispute, is not a matter of voluntary agreement under the Railway Labor Act" but is statutorily required, Walker v. Southern Railway Co., 385 U.S. 196, 198, 87 S.Ct. 365, 366, 17 L.Ed.2d 294 (1966). See also Satterfield v. Pennsylvania Railroad Co., 323 F.2d 783, 784 (2d Cir. 1963), resolving any doubts in contractual interpretation in favor of requiring resort to internal grievance procedures.

2. See Caffery v. New York Central Railroad Co., 24 A.D.2d 1075, 265 N.Y.S.2d 742 (4th Dep't 1965), decided prior to *Walker,* supra, reaching this result in reliance on Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed. 2d 580 (1965); Hanslowe, Individual Rights in Collective Labor Relations, 45 Corn.L.Q. 25, 35–36 (1959), anticipating this result from the decision in DiRienzo v. Farrand Optical Co., 148 N.Y.S.2d 587 (Mun.Ct.1956).