Michael Catalano, J.
Defendant, South Buffalo Railway Company (“Railway”) seeks summary judgment dismissing plaintiff’s complaint as against it.
The complaint alleges that plaintiff, while an employee of the Railway and a member of the Brotherhood of Railroad Trainmen, Lodge 758 (“ Brotherhood ”), was wrongfully discharged on February 1, 1966 by the Railway, and following a hearing on February 9, 1966, the Brotherhood “ wrongfully failed to properly appeal the case to the National Railway Adjustment Board, [‘ Board ’] which failure has now barred the plaintiff’s claim by virtue of that Board’s Statute of Limitations.” Plaintiff demands judgment against defendants in the amount of $100,086.
The Railway’s amended answer denies the wrongful discharge and damages, and affirmatively alleges that plaintiff’s action is barred by the Statute of Limitations.
This court finds the following facts.
February 1,1966, plaintiff was fired by the Railway for refusal to obey instructions from the Railway’s supervisory personnel. Pursuant to a collective bargaining agreement (“ Agreement ”) between Railway and Brotherhood, dated August 1, 1964, plaintiff was sent a notice dated February 2, 1966, by the Railway, advising him that pursuant to rule 35 of the Agreement, he was to attend a hearing on February 9, 1966 to answer charges of his said refusal. After a hearing attended by plaintiff and his representative, J. J. O’Hara (“O’Hara”), general chairman of the Brotherhood, on February 28, 1966, the presiding officer rendered his decision finding plaintiff guilty as charged, a copy of which decision was served on plaintiff. Whereupon a letter dated March 13,1966 was sent to the Railway by 0 ’Hara refusing to accept the decision.
March 21, 1966, O’Hara wrote a letter to plaintiff stating, in part: “In my conversation with you, you stated that you wanted to be paid for all time lost and restored to work with full seniority. This rules out any appeal and we must proceed *322 under the Railway Labor Act and the current agreement between the Brotherhood of Railroad Trainmen and the South Buffalo Railway * # * That is the status of your case as of right now. 'When I receive an answer from Mr. Harp in this case, I will notify you of his answer. If you find the answer not acceptable to you, then I will present your case to the First Division of the National Railroad Adjustment Board in Chicago, Illinois, then the South Buffalo Railway will answer our claim with their position in the case. Then we are allowed a rebuttal to the position of the South Buffalo Railway and then the claim is given a docket number and both sides must await the" findings of the First Division of the National Railroad Adjustment Board.”
April 11, 1966, the Railway advised O’Hara that his claims of irregularity were denied. Plaintiff failed to notify the Railway that the denial of plaintiff’s claim was not accepted, until the complaint herein was served on the Railway on February 21, 1968. Plaintiff has not instituted proceedings before the Board within six months after April 11, 1966, or at any other time, nor have the parties agreed to extend the period within which to apply to said Board.
Here is no question of fact to be tried by a jury.
December 9,1968, plaintiff’s deposition was taken before trial, admitting these facts.
Rule 36, “ Time Limit On Claims,” of the Agreement (subd. [b]) provides: “ Decision by the highest officer designated by the Company to handle claims and grievances shall be final and binding within 30 days after written notice of his decision he is notified in writing that his decision is not accepted. All claims or grievances involved in a decision of the highest officer shall be barred unless within 6 months from the date of his decision proceedings are instituted by the Employee or his duly authorized representative before a tribunal having jurisdiction pursuant to law or agreement of the claim or grievance involved. It is understood, however, that the parties may by agreement in any particular case extend the 6 months’ period herein referred to.”
Railway Labor Act (U. S. Code, tit. 45, § 153, subd. First, par. [i]) provides, in part: “ The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of interpretation or application of agreements * * * shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties *323 or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes.”
“ A discharged railroad employee aggrieved by the discharge may either (1) pursue his remedy under the administrative procedures established by an applicable collective bargaining agreement subject to the Railway Labor Act, and his right to review before the National Railroad Adjustment Board, or (2) if he accepts his discharge as final, bring an action at law in an appropriate state court for money damages if the state courts recognize such a claim.” (Walker v. Southern Ry. Co., 385 U. S. 196.)
Major, Senior Circuit Judge, speaking for the United States Court of Appeals, said: “ We do not interpret Walker to hold that a discharged employee can maintain a court action for damages for wrongful discharge and at the same time seek to maintain his status as an employee.” (Stumo v. United Air Lines, 382 F. 2d 780, 785, cert. den. 389 U. S. 1042.)
“ New York requires a discharged employee first to exhaust the grievance procedures provided by the collective bargaining agreement, Jacobs v. Ford Instrument Co., Div. of Sperry Rand Corp., 24 AD 2d 600, 262 N. Y. S. 2d 183, 184 (2d Dept. 1965), or, as articulated by Judge Swan in Larsen [v. American Airlines, 313 F. 2d 599], ‘ to abide by remedies set out in the collective agreement once he had chosen to enforce a right allegedly arising thereunder, ’ 313 F. 2d at 602, citing, inter alia, Panzarella v. New York Central System, Inc., 27 Misc 2d 57, 207 N. Y. S. 2d 933 (Sup. Ct. 1960); DiRienzo v. Farrand Optical Co., 148 N. Y. S. 2d 587 (Mun. Ct. 1956). If, as is claimed here, the accredited union bargaining representative fails properly to process the aggrieved employee’s claim, he must personally press his grievance. DiRienzo, supra, 148 N. Y. S. 2d at 590. If the collective agreement forecloses him from so acting, his sole recourse is against the union. Parker v. Borock, 5 N Y 2d 156, 161-162, 182 N. Y. S. 2d 577, 156 N. E. 2d 297 (1959); DiRienzo, supra, 148 N. Y. S. 2d at 590.” (Pacilio v. Pennsylvania R.R. Co., 381 F. 2d 570, 572.)
“ A contract dispute between employees and a railroad falls within the primary jurisdiction of the National Railroad Adjustment Board, 45 U. S. C. § 153 First (i). ” (0 ’Mara v. Erie Lackawanna R.R. Co., 407 F. 2d 674, 677, affd. 397 U. S. 25.) The employees cannot maintain an action for damages under Federal law when their complaint does not allege that they have exhausted their remedy before the Board, and the union’s refusal to process their grievances does not excuse the employees’ failure to exhaust, since individual employees have standing *324 to prosecute their own grievances before the Board. (Ibid., U. S. Code, tit. 45, § 153, subd. First, par. [j].)
Here,. plaintiff was barred because he and 0 ’Hara failed to present his claim before the Board within six months from the date of the decision of the highest railroad officer, nor did plaintiff or O’Hara notify said officer that the decision was not accepted within 30 days after receiving written notice of such decision.
Since plaintiff elected to start this court action for damages for wrongful discharge, he may not at the same time seek to maintain his status as an employee. In New York State, plaintiff was required to exhaust his remedies under the Agreement once he elected to enforce his claim thereunder. If 0 ’Hara failed to press plaintiff’s claim before the Board, plaintiff was obliged to press his claim personally. The primary jurisdiction in this case was before the Board and not this court.
Therefore the complaint, as against the Railway, is dismissed as barred by the Statute of Limitations.