■ CHARLES E. MIZZI, Respondent, v DOWLING COLLEGE, Appellant. — Appeal by defendant from so much of an order of the Supreme Court, Suffolk County (De Luca, J.), dated November 5, 1980, as granted that part of plaintiff's motion which was to dismiss its second and third affirmative defenses. Order reversed insofar as appealed from, with $50 costs and disbursements, and that part of plaintiff's motion which was to dismiss the second and third affirmative defenses is denied. The instant action is based on a dispute concerning the defendant college's denial of a tenured professorship to plaintiff. In its second and third affirmative defenses, the college alleges that, as a member of its full-time faculty and of the union representing such faculty, plaintiff was a party to

the collective bargaining agreement governing the terms and conditions of employment of union members. It also alleges that, by the express terms of the collective bargaining agreement, no legal action may be initiated by a faculty member concerning decisions of the college relative to tenure, and, if a dispute should arise concerning the meaning, interpretation or application of the bargaining agreement, it would be resolved in accordance with the grievance procedure provided by the agreement. The fact that plaintiff is no longer an employee of the college does not render the collective bargaining agreement inapplicable to the dispute upon which this action is based. (See *Jacobs v Ford Instrument Co. Div. of Sperry Rand Corp.*, 24 AD2d 600.) Moreover, since the complaint alleges that plaintiff, as a full-time faculty member, was denied a · tenured professorship and was thereby injured, then the second and third affirmative defenses have, as a matter of law been sufficiently stated. Facts are alleged, which, if proven, would support the college's claim of a bar to this action. Damiani, J. P., Mangano, Gibbons and Niehoff, JJ., concur.