373 F.2d 491
 William SWEENEY, Raymond Van Doren, Clarence Williams, Howard Williams, William Haines, Emmitt Goodman, Howard Bankard and Dewalt Smith, Plaintiffs-Appellants,
v.
C. Ray HILTEBRANT, President, Local 1303, Amalgamated Association of Street, Electric, Railway and Motor Coach Employees of America, and
Local 1303, Amalgamated Association of Street, Electric, Railway and Motor Coach Employees of America, Defendants-Appellees.
 No. 16790.
 United States Court of Appeals Sixth Circuit.
 March 3, 1967.
 
 Herschel Sigall, Columbus, Ohio (Stewart R. Jaffy, Leonard Sigall, Columbus, Ohio, on the brief; Clayman, Sigall, Jaffy & Taylor, Columbus, Ohio, of counsel), for appellant.
 Theodore Sachs, Detroit, Mich. (Rothe, Marston, Mazey, Sachs & O'Connell, Detroit, Mich., Ray E. Schmidt, Dayton, Ohio, on the brief), for appellees.
 Before WEICK, Chief Judge, and PHILLIPS and McCREE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the district court dismissing plaintiffs' complaint on jurisdictional and other grounds.
 
 
 2
 Plaintiffs, who previously had been employed by Cincinnati and Lake Erie Lines (C&LE) which was purchased by Greyhound, are bus drivers presently employed by Eastern Greyhound Lines, a division of the Greyhound Corporation. As Greyhound expanded through acquisition of other bus lines, the seniority system governing the employment rights of its drivers increased in complexity. In bidding for certain runs, drivers were permitted to measure their seniority from the date of commencement of their employment with the companies acquired by Greyhound (predecessor seniority). For other runs, seniority for the same drivers was computed from the date of acquisition. The local unions comprising the Eastern Executive Council of the Amalgamated Association of Street, Electric, Railway and Motor Coach Employees, AFL-CIO, including defendant Local 1303, submitted to intra-union arbitration for the purpose of clarifying the seniority system. The arbitration award of May 24, 1960, which was incorporated into the collective bargaining agreements between Eastern Greyhound and the Eastern Executive Council (see Page 14 of the November, 1962-October, 1964 agreement), provided for system-wide seniority so that the same seniority date would be used by a driver in applying for any run.
 
 
 3
 Each local submitted a seniority roster to the Eastern Executive Council containing the system-wide seniority dates for its members. The officers of Local 1303 submitted a list which provided predecessor seniority for the former C&LE drivers, who constituted a minority of the members. The membership, however, by a subsequent vote on January 3, 1961, determined that the former C&LE drivers would have acquisition-date seniority rather than predecessor seniority. Plaintiffs allege that this vote was not permissible under the terms of their collective bargaining agreement, and that defendant local discriminates against plaintiffs by not allowing them to use predecessor seniority dates in bidding on runs.
 
 
 4
 The district court found that no jurisdiction existed on the basis of diversity of citizenship since plaintiffs are citizens of Ohio, and the local, a voluntary unincorporated association with Ohio members, must also be regarded as an Ohio citizen for diversity purposes. The court was correct in so holding. United Steelworkers etc. v. Bouligny, Inc., 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed. 2d 217 (1965). The court further held that it was without jurisdiction under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), "since this action is not based upon a breach of contract between a labor union and an employer."
 
 
 5
 Since the arbitrator's award may be regarded as a part of the collective bargaining agreements, and since the award states,
 
 
 6
 It is specifically determined that the Rosters submitted to the Council by each Division and as approved by the Eastern Executive Council at its meeting on March 23, 1960, which were transmitted to the Arbitrator on March 24, 1960, are to be used as the basis for introducing and administering the system-wide seniority program on Eastern Greyhound Lines, we find that plaintiffs' allegation concerning the impropriety of the January 3, 1961 membership vote may have asserted a claim of breach of the collective bargaining agreement sufficient to sustain the jurisdiction of the district court. However, on the basis of the collective bargaining agreements submitted as exhibits to the affidavit in support of defendants' motion to dismiss, we find that no cause of action has been stated. These agreements specifically provide:
 
 
 7
 Nothing herein shall preclude the changing of seniority provisions, providing such change or changes are mutually agreed upon between the Company and the Association; further, providing that such change or changes shall not be made without the majority approval of the membership affected as evidenced by referendum vote. (November, 1960-October, 1962 agreement, Page 19; November, 1962-October, 1964 agreement, Page 13.)
 
 
 8
 Hence, while the district court may have had jurisdiction over plaintiff's claim, it could properly have referred to these exhibits, and, treating defendants' motion to dismiss on the ground that no cause of action had been stated as a motion for summary judgment, Federal Rules of Civil Procedure, Rule 12(b), could have dismissed the claim. The dismissal of the claim was therefore not erroneous.
 
 
 9
 The district court also found that no cause of action had been stated with regard to a breach of the union's duty of fair representation since "the complaint lacks any allegation from which the existence of any hostile discrimination may reasonably be inferred." We agree. Cf. Hardcastle v. Western Greyhound Lines, 303 F.2d 182 (9th Cir. 1962). We therefore find it unnecessary to discuss appellant's contention that a breach of the duty of fair representation gives rise to a claim under Section 301, or appellees' suggestion that such a breach lies within the exclusive primary jurisdiction of the National Labor Relations Board.
 
 
 10
 Affirmed.