**Lola Beth GREEN, Plaintiff,**

v.

**BOARD OF REGENTS OF TEXAS TECH UNIVERSITY et al., Defendants.**

**Civ. A. No. 5-877.**

United States District Court, N. D. Texas, Lubbock Division.

Dec. 21, 1971.

Buford C. Terrell, Terrell, Terrell & Lansford, Lubbock, Tex., for plaintiff.

James H. Milam, Crenshaw, Dupree & Milam, Carlton B. Dodson, Lubbock, Tex., Crawford C. Martin, Atty. Gen. of Tex., W. O. Shultz, II, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Austin, Tex., for defendants.

MEMORANDUM OPINION

WOODWARD, District Judge.

The above case was heard before the Court sitting without a jury on the 15th

and 16th days of December, 1971, and after having heard and examined the evidence, the arguments of counsel and the pleadings herein, the Court files this memorandum opinion as its findings of fact and conclusions of law.

This action was brought under 42 U. S.C. § 1983 to seek redress for grievances allegedly resulting from sex discrimination directed at plaintiff by the officials of Texas Tech University.

Plaintiff is an associate professor of English at Texas Tech University and has been teaching in the English Department of that university for almost twenty-five years. She began at the rank of instructor in 1946, received her doctorate in 1955, was promoted to assistant professor in that same year, and was promoted to the rank of associate professor in 1959. Beginning in 1962, she has applied periodically for promotion to full professor and has been denied each time. She alleges that these denials were based solely on the fact that she is female and that such action on the part of Texas Tech University is exemplary of a long-standing pattern and policy of the University of discrimination against women. This suit resulted from the denial of her 1969 application for promotion.

Plaintiff introduced evidence of her professional competence and achievements as well as those of her male colleagues in the English Department who have been granted the rank of full professor. She also produced statistical evidence to support the allegations of a pattern of discrimination against women in the hiring, salary and promotion practices of the English Department. Plaintiff contends that the statistical information shows a wide discrepancy in the salaries of men and women of the same rank, in the length of time each must spend in one rank before promotion, and in other related factors. However, since this is not a class action, and plaintiff is complaining solely of discrimination against her, the Court finds it unnecessary to reach a determination concerning the possibly discriminatory policies or practices of the University or department against women as a class. The statistical and comparative evidence introduced by plaintiff has been considered by the Court in determining whether the denial of plaintiff's promotion was the result of any such sex discrimination.

The Supreme Court of the United States has recently made it quite clear that discrimination [by any state law or authority] on the basis of sex is not to be tolerated. Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (opinion dated November 22, 1971). Were this Court able to find that the denial of plaintiff's promotion was because of her sex, she would certainly be entitled to recover.

The overwhelming evidence, however, is that the decision not to promote plaintiff was based entirely on considerations other than that of her sex and was completely uninfluenced by the fact that she is a woman.

■ Texas Tech University has established definite criteria for evaluating a person's eligibility for promotion in teaching rank. The criteria for promotion to full professor are especially exacting, as that is the highest faculty status which can be awarded by a university. The Court finds that these criteria are reasonable, that they bear a rational relationship to the duties of a full professor, and that they were reasonably applied in this case. They call for careful evaluation of (a) teaching ability, (b) publications and scholarly activity, and (c) service to the community and to the University. It is undisputed that such evaluations are necessarily judgmental, and the Court will not substitute its judgment for the rational and well-considered judgment of those possessing expertise in the field.

The Court finds that plaintiff's application for promotion was given complete and thorough consideration at each step as it passed through the channels prescribed by the University for review of such matters. Testimony from those

who were called on to review plaintiff's application, including members of the Board of Regents, the President of the University, the Dean of the College of Education, the Vice President for Academic Affairs and several of plaintiff's colleagues in the English Department, made it evident to the Court that plaintiff's case was given as fair and impartial a hearing as could have been required. Each of defendants' witnesses, including one woman who was on a committee which reviewed plaintiff's application and who is herself a full professor, testified that the decision not to promote was based solely on the facts of plaintiff's record, with no thought being given to her sex. The Court finds that no malice, ill-will, caprice or abuse of discretion played a part in the formulation of any decision concerning plaintiff. The witnesses were unanimous in their testimony that their recommendations would have been the same had the applicant been a man with the same qualifications. Promotion to the status of full professor cannot be merited solely by longevity and the numerical accumulation of advanced degrees and written works. The factors to be considered are not susceptible of quantitative measurement, but must be weighed qualitatively in accordance with established guide lines.

■■ This Court has been shown no evidence that the denial of plaintiff's promotion was based on sex discrimination or on any other constitutionally prohibited ground, but was in fact based solely on the evidence considered by the proper authorities as to her qualifications under the established criteria for such a promotion. Decisions of this nature that have been made by the proper authorities of a university, including its administrators and its governing board, are not justiciable in the absence of abuse of discretion, capricious action or discrimination of such a nature as to constitute a violation or deprivation of constitutional rights. Lewis v. Chicago State College, 299 F.Supp. 1357 (D.C.N.

D.Ill.1969). None of the above elements are here present.

Accordingly, a judgment will be entered by the Court denying plaintiff all relief and taxing costs against plaintiff.