Lola Beth GREEN, Plaintiff-
Appellant,

v.

BOARD OF REGENTS OF TEXAS TECH
UNIVERSITY et al., Defendants-
Appellees.

No. 72–1542.

United States Court of Appeals,
Fifth Circuit.

Feb. 13, 1973.

Rehearing and Rehearing En Banc
Denied May 9, 1973.

Buford C. Terrell, Lubbock, Tex., for
plaintiff-appellant.

Sylvia Roberts, Baton Rouge, La.,
amicus curiae.

Crawford Martin, Atty. Gen. of Tex.,
W. O. Shultz, II, Asst. Atty. Gen., Austin,
Tex., Carlton Dodson, Resident Counsel,
Lubbock, Tex., Nola White, First Asst.
Atty. Gen., Austin, Tex., James H. Milam,
Lubbock, Tex., for defendants-appellees.

Before JOHN R. BROWN, Chief
Judge, and MOORE * and RONEY, Cir-
cuit Judges.

RONEY, Circuit Judge:

Dr. Lola Beth Green, Associate Pro-
fessor of English at Texas Tech Univer-
sity, claims that she was refused promo-
tion to the rank of full professor because
of her sex. She sued the Board of Re-
gents of Texas Tech University for dam-
ages under 42 U.S.C.A. § 1983. The Dis-
trict Court, 335 F.Supp. 249, concluding
from the evidence that the decision not
to promote plaintiff was based entirely
on considerations other than her sex, de-
nied relief. We affirm on the ground
that the trial judge's findings of fact
are not clearly erroneous.

Dr. Green has taught at Texas Tech
University since 1946, except for her ab-
sence during 1951–1953 when she worked
on her doctorate. First a temporary in-
structor, she was promoted to Assistant
Professor in 1953 and to Associate Pro-
fessor in 1959. In the 1969–1970 aca-
demic year, she made timely application
to the University for promotion. When
denied, she complied with the appropriate
administrative procedure. This action

* Hon. Leonard P. Moore, Senior Circuit Judge of the Second Circuit, sitting by designation.

was brought when the Board of Regents refused to grant the promotion.

The District Court held an evidentiary hearing on both the merits of her claim and the administrative procedure through which plaintiff's application was processed. A diagram of the procedure is as follows:

## HEAD OF THE ENGLISH DEPARTMENT

(All professors of the English Department consider and vote upon the application and may submit statements to the Head of the Department.)

## DEAN OF THE COLLEGE OF ARTS AND SCIENCES

(Six-member Promotions and Tenure Committee of the Department of Arts and Sciences considers and votes upon the application to advise the Dean.)

## GRADUATE DEAN
## VICE PRESIDENT OF ACADEMIC AFFAIRS
## PRESIDENT OF TEXAS TECH UNIVERSITY
## TENURE AND PRIVILEGE COMMITTEE OF TEXAS TECH UNIVERSITY

(Committee reviews for determination of compliance with due process. Applicant represented by attorney.)

## ACADEMIC COMMITTEE OF THE TEXAS TECH UNIVERSITY BOARD OF REGENTS
## FULL BOARD OF REGENTS OF TEXAS TECH UNIVERSITY

Only at the first stage did Dr. Green's application receive favorable consideration. Although her prior applications had failed to receive majority support from her own department, in 1969 plaintiff's colleagues in the English Department voted 5 to 3 in favor of her promotion. Thereafter, at every level of review, Dr. Green's application received a unanimous negative response.

At each stage of the procedure, questions unrelated to Dr. Green's sex were raised regarding her qualifications as to teaching ability, scholarship, and university and community service. Professors and administrators at all levels of the review testified before the District Court as to their opinions of Dr. Green's work and ability which led to a denial of the promotion. There would be no value in recounting this testimony. Even at the first stage, where her application obtained a majority for approval, two faculty members in the minority testified that Dr. Green was deficient in both teaching and research as evidenced, in their opinions, by students' complaints about her teaching, the disinclination of graduate students to seek her direction on theses, and her failure to publish any substantial research. To emphasize that misogyny was no element of his decision, one of these professors explained that he had voted for promotion of two of the three women who had sought promotion in the English Department since he had been affiliated with the University.

Dr. Green's application was even given special attention by an extra step in the review process: after the application went to the Vice President of Academic Affairs, plaintiff was given an opportunity to submit additional information, and the application was reconsidered by the Dean of the College of Arts and Sciences and his advisory committee.

■ The credibility of the witnesses and the weight to be given their testimony are within the province of the finder of fact and the findings of the Court must be sustained unless clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure. The findings and decision of academic administrative bodies are to be upheld by the courts when reached by correct procedures and supported by substantial evidence. Duke v. North Texas State University, 469 F.2d 829 (5th Cir. 1972); Ferguson v. Thomas, 430 F.2d 852 (5th Cir. 1970).

■ Dr. Green complains that the District Court refused to consider whether the University discriminated toward women as a class. The District Court considered, however, all the evidence, including comparative charts and statistics, that was directly related to the denial of Dr. Green's application for promotion.

**596**

This was not a class action. On appeal, plaintiff concedes that no relief is sought for a class. We perceive no error in the District Court's determination as to what evidence was relevant to Dr. Green's claim.

■ Plaintiff's points of error concerning the alleged failure of the University to establish definite criteria controlling promotions in teaching rank; the Court's holding that the University had not acted capriciously and had not abused its discretion; and the Court's requirement of direct noninferential evidence of discrimination against plaintiff personally; all fall under the positive finding by the Court that plaintiff's application was given fair and impartial treatment and that the refusal of promotion was based on the facts of plaintiff's record, without any regard being given to her sex. The University's standards are matters of professional judgment, and here substantially every individual or committee in the institution's reviewing body questioned Dr. Green's competence. The Court's findings are not clearly erroneous.

Affirmed.