Harriett D. FORD, Plaintiff,

v.

Rector JONES, Individually and in his capacity as Superintendent, Boone County Schools, et al., Defendants.

No. 1749.

United States District Court,
E. D. Kentucky,
Covington Division.

March 12, 1974.

Edward J. Winterberg, Covington, Ky., for plaintiff.

Robert E. Ruberg, Covington, Ky., William P. McEvoy, Burlington, Ky., for defendants.

## MEMORANDUM

SWINFORD, District Judge.

This civil rights action challenges the nonrenewal of the plaintiff's teaching contract by the Boone County Board of Education. The complaint alleges that Ford, who has been involved in education for 21 years and employed by the Boone County School System since 1968 as a general supervisor, was informed by the superintendent on May 10, 1972, that re-employment for the 1972–1973 school year would not be recommended to the county board of education. Upon demand, a special meeting of the board was convened on May 13, 1972, to consider the superintendent's charges of insubordination, lack of rapport, and misrepresentation. The plaintiff appeared with employed counsel who made opening and closing statements; although those testifying were not sworn, Ford was permitted to cross-examine and call witnesses. At the conclusion of the meeting all but one of the board members stated his position on the issue and accepted the recommendation of the superintendent. The plaintiff now contends that (1) the hearing accorded by the board was procedurally inadequate in several respects; (2) the dismissal was motivated by the plaintiff's sex rather than the stated reasons.

The record is before the court on the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. The inquiry under Rule 12(b)(6), Federal Rules of Civil Procedure, is essentially limited to the complaint and exhibits. Rule 10(c), Federal Rules of Civil Procedure; Sweeney v. Hiltebrant, 6th Cir., 373 F.2d 491, 493 (1967); Mengel Co. v. Nashville Paper Prod. & Spec. Wkrs. Union, 6th Cir., 221 F.2d 644, 647 (1955);

"a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L. Ed.2d 80 (1957).

Hilliard v. Williams, 6th Cir., 465 F.2d 1212, 1214 (1972), cert. denied 409 U.S. 1029, 93 S.Ct. 461, 34 L.Ed.2d 322 (1972).

The alleged procedural inadequacies merit judicial attention only if a pre-dismissal hearing was mandated in the plaintiff's case. In Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L. Ed.2d 548 (1972), the Court held that the right of a nontenured instructor to a pre-severance hearing is dependent upon the circumstances of the employment and the grounds for termination: a strong "expectancy" giving rise to a "legitimate claim" of continued employment might occupy the place of formal tenure. Board of Regents v. Roth, supra at 577, 92 S.Ct. at 2701; Perry v. Sindermann, 408 U.S. 593, 599–603, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). However, such an expectation must transcend the ordinary subjective yearnings of a displaced professor; the employee "must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents v. Roth, supra at 577, 92 S.Ct. at 2709; Orr v. Trinter, 6th Cir., 444 F.2d 128 (1971), cert. denied 408 U.S. 943, 92 S. Ct. 2847, 33 L.Ed.2d 767 (1972). Comment, 61 Kentucky L.J. 830 (1972–73).

Similarly, the charged wrongdoing might so tarnish the instructor's reputation as to demand a full inquiry into the grounds for severance. " 'Where a person's good name, reputation, honor, or integrity is at stake because of what the

government is doing to him, notice and an opportunity to be heard are essential'." Board of Regents v. Roth, supra at 573, 92 S.Ct. at 2707, quoting Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). However, the defilement contemplated in Roth must be more profound than that engendered by a simple charge of incompetence:

> "Mere proof . . . that his record of nonretention in one job . . . might make him somewhat less attractive to some other employers would hardly establish the kind of foreclosure of opportunities amounting to a deprivation of 'liberty.'" Id. at 574, note 13, 92 S.Ct. at 2708.

Thus, the court in Jablon v. Trustees of California State Colleges, 9th Cir., 482 F.2d 997, 1000 (1973), ruled a hearing unnecessary where dismissal is predicated upon misconduct unrelated to the teacher's honesty or integrity.

■ The plaintiff alleges both an expectancy of renewal arising from Kentucky statutes regulating employment of teachers, K.R.S. 161.730–161.750, and a lessened reputability flowing from the severance. While the existence of an expectancy or stigma of constitutional magnitude may be doubted, the complaint is sufficient in this regard to overcome a motion to dismiss.

■■ Assuming that a hearing was mandated, it is evident from the transcript of the board proceeding, annexed as Exhibit "A" of the complaint, that many of the claimed procedural deficiencies are not of constitutional magnitude.

> "[T]he courts are not the proper agency to administer the school system. Judges simply lack the information and the expertise needed to sit in review of a school board's personnel decisions. A court's scope of review must, therefore, be so confined that only patently arbitrary or baseless

dismissals are invalidated. As long as one of the reasons put forth by the administrators has some basis in fact, is reasonably related to a valid interest of the School Board, and is sufficiently serious to make dismissal reasonable, the School Board's decision must be upheld. And as long as the teacher had an adequate opportunity to be heard on just one such reason, the School Board's decision should survive an attack on procedural grounds as well." Carpenter v. City of Greenfield School District No. 6, E. D.Wis., 358 F.Supp. 220, 226 (1973).

The Due Process Clause commands not the formal judicial proceeding envisioned by Ford but "a reasonable opportunity for a hearing at which he or she is able to give testimony and to confront and question adverse witnesses." Ahern v. Board of Education of School District of Grand Island, 8th Cir., 456 F.2d 399, 402 (1972); See Olson v. Regents of University of Minn., D.Minn., 301 F. Supp. 1356, 1361 (1969). Thus, the complaint that the board improperly considered hearsay evidence does not generate a federal claim.

> "Although hearsay reports . . . are inadmissable in a court of law, I certainly do not hold that they are inadmissable in administrative hearings . . ., for such hearings need not conform to the standards of judicial or quasi-judicial trials, and flexibility and informality should often characterize them. Moreover it is possible that even reports of unnamed observers may by referring to a specific occasion allow the teacher an adequate opportunity to explain her conduct on that occasion." Carpenter v. City of Greenfield School District No. 6, supra 358 F.Supp. at 226–227.

Johnson v. Angle, D.Neb., 341 F.Supp. 1043, 1054 (1971). Similarly, the failure to place witnesses under oath, while possibly in dereliction of state law, K.R. S. 161.790(4), does not necessarily de-

marcate the boundaries of due process. See Draper v. Rhay, 9th Cir., 315 F.2d 193, 198 (1963), cert. denied 375 U.S. 915, 84 S.Ct. 214, 11 L.Ed.2d 153 (1963); Birdwell v. Hazelwood School District, E.D.Mo., 352 F.Supp. 613, 624 (1972). Other claimed deficiencies are rebutted by concluding statements of position on the part of the board members as well as the opportunity afforded the plaintiff's attorney to informally present testimonial evidence and cross-examine adverse witnesses. See Ahern v. Board of Education of School District of Grand Island, supra; Johnson v. Angle, supra; McDonough v. Kelly, D.N.H., 329 F. Supp. 144, 148–149 (1971).

■■ Despite the board's substantial procedural compliance, a cause of action is stated through the contention that the dismissal was in reality motivated by the plaintiff's sex. See Lucas v. Chapman, 5th Cir., 430 F.2d 945 (1970). Although a claim of this nature would perhaps have been more appropriately forwarded under 42 U.S.C. 2000e–2, the enactment of the Civil Rights Act of 1964, 42 U.S.C. 2000a et seq., did not pre-empt the maintenance of sex discrimination actions under 42 U.S.C. 1983. Johnson v. City of Cincinnati, 6th Cir., 450 F.2d 796 (1971).

> "[I]t is no longer open to debate that plaintiff would be entitled to relief if the board had refused to rehire him because he had exercised his rights as guaranteed by the . . . equal protection clause of the Fourteenth Amendment . . . . These are constitutionally impermissible reasons for refusal to rehire a teacher." Orr v. Trinter, 6th Cir., 444 F.2d 128, 134 (1971).

See also Johnson v. University of Pittsburgh, W.D.Pa., 359 F.Supp. 1002 (1973); Green v. Board of Regents of Texas Tech University, N.D.Tex., 335 F.Supp. 249 (1971), aff'd 5th Cir., 474 F.2d 594 (1973).

An order will be entered overruling the defendants' motion to dismiss.