

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 31, 1977

Honorable J. C. Martin, Jr.,
   President
Board of Directors
Texas A & I University
Kingsville, Texas 78363

Opinion No. H-1045

Re: Selection of a
chancellor and president
at Texas A & I University.

Dear Mr. Martin:

You request our opinion concerning the procedure by
which certain appointments to administrative positions were
made by the Board of Directors of the Texas A & I University.

Texas A & I University has campuses at Kingsville,
Laredo, and Corpus Christi. The Legislature recently en-
acted House Bill 944 which establishes and designates these
institutions the University System of South Texas, consist-
ing of Texas A & I University, the renamed Laredo State
University, and Corpus Christi State University. The name
of the Board of Directors of Texas A & I University is changed
to the Board of Directors of the University System of South
Texas, and its governing authority over the component in-
stitutions is continued. The bill becomes effective September
1, 1977.

At its meeting held July 7, 1977, the Board named the
acting chancellor as chancellor of the University System of
South Texas and named the executive vice president of Texas
A & I University at Corpus Christi as president of Corpus
Christi State University. Each of the persons appointed
had served in an acting capacity in the position to which he
was appointed for more than a year. You ask the following
questions about these appointments:

    1. May the Board promote from within
without advertising the vacancy and
without conducting a search?

    2. If the answer to the above is affirma-
tive, may the Board make such a decision
under the agenda item "Executive Session,
Discussion of Personnel Changes," without
announcing the pending action?

The Board has broad authority to manage and control Texas A & I University.  Ed. Code §§ 95.21; 104.11; 104.41 - .43; 104.91 - .92.  Texas A & I University has operated since 1972 as a system with the position of chancellor as chief executive officer with the approval of the Coordinating Board and with operating funds appropriated by the Legislature.  General Appropriations Act, Acts 1975, 64th Leg., ch. 743 at 2763.  The Board's authority to operate as a system with an executive officer of the system is made express by House Bill 944.  A prospective appointment to a position made by a body empowered to fill that position is valid.  See Attorney General Opinion V-927 (1949).

The governing body of a State University has considerable discretion in exercising its powers, including its power to appoint administrators.  The courts will not interfere with the exercise of discretion by school directors in matters confided by law to their judgment unless there is a clear abuse of the discretion or a violation of the law.  Foley v. Benedict, 55 S.W.2d 805, 808, 810 (Tex. 1932); Cornette v. Aldridge, 408 S.W.2d 935 (Tex. Civ. App. -- Amarillo 1966, mand. overr.).  See Faro v. New York University, 502 F.2d 1229 (2d Cir. 1974); Green v. Board of Regents of Texas Tech University, 474 F.2d 594 (5th Cir. 1973) reh. den.

We have found no law that requires the Board to advertise vacancies in administrative positions, conduct a search for applicants, or otherwise engage in particular recruitment practices.  However, we note that recruitment practices have been challenged as discriminatory under the 1964 Civil Rights Act. 42 U.S.C.A. § 2000e - 2(a)(1), (2), which prohibits discrimination in employment on the basis of race, color, religion, sex, or national origin.  See United States v. Inspiration Consolidated Copper Co., [1973] 6 Empl. Prac. Dec. (CCH) ¶8918; Strain v. Philpott, [1971] 4 Empl. Prac. Dec. (CCH) ¶7521.  See also V.T.C.S. art. 6252-16. Thus, the Board has the authority to select and appoint administrative officers by any procedure it determines, as long as its action is not unreasonable, arbitrary, capricious, or discriminatory.

Your second question is whether the notice for the action taken complied with the Open Meetings Law, section 3A, article 6252-17, V.T.C.S.  Notice posted by the Board for its July 7, 1977, meeting included a copy of the agenda for the meeting, which contained the following item:

Executive Session

18.   Discussion of personnel changes
      (pp. 21-26).

      The action taken by the Board was the approval in
open meeting of the following motion:

          "In view of the official creation of
          our System and in order to be consistent
          with the printed University System of
          South Texas budget, that Dr. D. Whitney
          Halladay be named Chancellor of the
          University System of South Texas and that
          Dr. B. Alan Sugg be named President of
          Corpus Christi State University and that
          his name be inserted in that budget."

The Board may meet in executive session to consider the
appointment, employment, evaluation, reassignment, duties
discipline or dismissal of officers and employees, providing
it first convenes in an open session for which the requisite
notice has been given and publicly announces that a closed
session will be held under a specified section which autho-
rizes the holding of the closed session.  V.T.C.S. art.
6252-17, § 2(a), (g).  See Attorney General Opinion H-496
(1975).  Written notice of the "date, hour, place, and
subject of each meeting held by a governmental body" must
be given as prescribed by section 3A of the Open Meetings
Act.  The notice must be "sufficiently specific to apprise
the public in general terms of each subject to be discussed."
Attorney General Opinion H-662 (1975) at 3.  The notice
should set out any special matters to be considered or any
matter in which the public has a particular interest.  Attorney
General Opinion M-494 (1969).

      The adequacy of notice concerning the subject matter
at a meeting was at issue in Lower Colorado River Authority
v. City of San Marcos, 523 S.W.2d 641 (Tex. 1975).  LCRA
attempted to increase electric rates in the city of San
Marcos at a meeting held October 19, 1972.  The notice of
that meeting made no reference to rates.  At another meet-
ing on May 24, 1973, notice of the meeting included a state-
ment that the Board would consider other matters concerning
the Authority's operations

          including the ratification of the prior
          action of the Board taken on October 19,
          1972, in response [sic] to changes in

> electric power rates for electric power
> sold within the boundaries of the City
> of San Marcos, Texas.

The Texas Supreme Court considered this notice and held:

> The notice of the 1973 meeting is not
> as clear as it might be, but it would alert
> a reader to the fact that some action would
> be considered with respect to charges for
> electric power sold in San Marcos.  In our
> opinion the notice was sufficient to comply
> with the statute.

Id. at 646.  See also Texas Turnpike Authority v. City of Fort Worth, 20 Tex. Sup. Ct. J. 492 (July 27, 1977).

In Open Records Decision No. 103 (1975), we held that information which would disclose the identity of an employee evaluated and discussed in a properly closed session, and on which the board took no official action, is excepted from required public disclosure by section 3(a)(1) and 3(a)(2) of the Open Records Act, article 6252-17a, V.T.C.S. Information reflecting discussion of personnel matters properly held in closed session is excepted from required disclosure under sections 3(a)(1) and 3(a)(2) of that Act. Open Records Decision Nos. 93, 82, 81, 68 (1975); 60 (1974).

The primary interest protected by section 2(g) permitting personnel matters to be discussed privately is that in avoiding possible unjustified harm to the reputation of the individual officer or employee under consideration.  See Attorney General Opinion H-246 (1974).  While this is an important interest, it cannot be permitted to completely eliminate the public's right to be notified with reasonable specificity of the subject matter to be considered at a meeting of a governmental body, particularly when the subject is one in which the public can reasonably be expected to have a special interest, such as the appointment of the chief executive officers of a university system and a state university.  While the public is not entitled to observe or participate in the Board's closed discussion of the qualifications of individuals under consideration for appointment to such a position, we believe that the public is entitled to reasonable notice that the Board will consider filling such positions at its meeting.  In addition, any vote or other final action on a matter discussed in closed session must be taken in an open meeting properly noticed in

accord with section 3A.   V.T.C.S. art. 6252-17, § 2 (1).
Thus, the legislature has decided that the governing body
must inform the public of the fact of its action, even though
it may deliberate in private.

In our view, an item stating only that the Board
would meet in executive session on "Discussion of personnel
changes" did not provide adequate public notice that the
Board would consider acting to fill the positions of chan-
cellor and university president at that meeting.  The term
"personnel" is so general that it could apply to a large
number of subjects that might come before the Board.  Con-
sequently, we do not believe the notice given complied with
the Act's subject matter notice requirement in this instance.

It is possible that the appointments will not be judi-
cially challenged, but if it is properly challenged action
taken at a meeting not held in compliance with the Open
Meetings Law is voidable by the courts.  Lower Colorado River
Authority v. City of San Marcos, supra; Attorney General
Opinions H-662, H-594 (1975).  If the Board decides to con-
sider ratifying the appointments at a future meeting, it
must post adequate notice of such proposal.  See Attorney
General Opinion H-419 (1974).

### S U M M A R Y

The Board of Directors of the Texas
A & I University system has authority
to select and appoint administrative
officers by any procedure it chooses,
as long as its action is not unreasonable,
arbitrary, capricious, or discriminatory.

Notice of an executive session on
"Discussion of personnel changes" is not
sufficiently specific as to subject matter
to comply with the Open Meetings Act
notice requirement in regard to the appoint-
ment of a university system chancellor and a
university president, since the positions
are ones in which the public can reasonably
be expected to have a special interest.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst