Honorable J. C. Martin, Jr. President Board of Directors Texas A I University Kingsville, Texas 78363
Re: Selection of a chancellor and president at Texas A I University.
Dear Mr. Martin:
You request our opinion concerning the procedure by which certain appointments to administrative positions were made by the Board of Directors of the Texas A I University.
Texas A I University has campuses at Kingsville, Laredo, and Corpus Christi. The Legislature recently enacted House Bill 944 which establishes and designates these institutions the University System of South Texas, consisting of Texas A I University, the renamed Laredo State University, and Corpus Christi State University. The name of the Board of Directors of Texas A I University is changed to the Board of Directors of the University System of South Texas, and its governing authority over the component institutions is continued. The bill becomes effective September 1, 1977.
At its meeting held July 7, 1977, the Board named the acting chancellor as chancellor of the University System of South Texas and named the executive vice president of Texas A I University at Corpus Christi as president of Corpus Christi State University. Each of the persons appointed had served in an acting capacity in the position to which he was appointed for more than a year. You ask the following questions about these appointments:
 1. May the Board promote from within without advertising the vacancy and without conducting a search?
 2. If the answer to the above is affirmative, may the Board make such a decision under the agenda item `Executive Session, Discussion of Personnel Changes,' without announcing the pending action?
The Board has broad authority to manage and control Texas A I University. Education Code §§ 95.21; 104.11; 104.41-.43; 104.91-.92. Texas A I University has operated since 1972 as a system with the position of chancellor as chief executive officer with the approval of the Coordinating Board and with operating funds appropriated by the Legislature. General Appropriations Act, Acts 1975, 64th Leg., ch. 743, at 2763. The Board's authority to operate as a system with an executive officer of the system is made express by House Bill 944. A prospective appointment to a position made by a body empowered to fill that position is valid. See Attorney General Opinion V-927 (1949).
The governing body of a State University has considerable discretion in exercising its powers, including its power to appoint administrators. The courts will not interfere with the exercise of discretion by school directors in matters confided by law to their judgment unless there is a clear abuse of the discretion or a violation of the law. Foley v. Benedict,55 S.W.2d 805, 808, 810 (Tex. 1932); Cornette v. Aldridge,408 S.W.2d 935 (Tex.Civ.App.-Amarillo 1966, mand. overr.). See Faro v. New York University, 502 F.2d 1229 (2d Cir. 1974); Green v. Board of Regents of Texas Tech University, 474 F.2d 594 (5th Cir. 1973) reh. den.
We have found no law that requires the Board to advertise vacancies in administrative positions, conduct a search for applicants, or otherwise engage in particular recruitment practices. However, we note that recruitment practices have been challenged as discriminatory under the 1964 Civil Rights Act.42 U.S.C.A. § 2000e-2(a)(1), (2), which prohibits discrimination in employment on the basis of race, color, religion, sex, or national origin. See United States v. Inspiration Consolidated Copper Co., [1973] 6 Empl. Prac. Dec. (CCH) p8918; Strain v. Philpott, [1971] 4 Empl. Prac. Dec. (CCH) p7521. See also V.T.C.S. art. 6252-16. Thus, the Board has the authority to select and appoint administrative officers by any procedure it determines, as long as its action is not unreasonable, arbitrary, capricious, or discriminatory.
Your second question is whether the notice for the action taken complied with the Open Meetings Law, section 3A, article 6252-17, V.T.C.S. Notice posted by the Board for its July 7, 1977, meeting included a copy of the agenda for the meeting, which contained the following item:
Executive Session
18. Discussion of personnel changes (pp. 21-26).
 The action taken by the Board was the approval in open meeting of the following motion:
 In view of the official creation of our System and in order to be consistent with the printed University System of South Texas budget, that Dr. D. Whitney Halladay be named Chancellor of the University System of South Texas and that Dr. B. Alan Sugg be named President of Corpus Christi State University and that his name be inserted in that budget.
The Board may meet in executive session to consider the appointment, employment, evaluation, reassignment, duties discipline or dismissal of officers and employees, providing it first convenes in an open session for which the requisite notice has been given and publicly announces that a closed session will be held under a specified section which authorizes the holding of the closed session. V.T.C.S. art. 6252-17, § 2(a), (g). See Attorney General Opinion H-496 (1975). Written notice of the `date, hour, place, and subject of each meeting held by a governmental body' must be given as prescribed by section 3A of the Open Meetings Act. The notice must be `sufficiently specific to apprise the public in general terms of each subject to be discussed.' Attorney General Opinion H-662 (1975) at 3. The notice should set out any special matters to be considered or any matter in which the public has a particular interest. Attorney General Opinion M-494 (1969).
The adequacy of notice concerning the subject matter at a meeting was at issue in Lower Colorado River Authority v. City of San Marcos, 523 S.W.2d 641 (Tex. 1975). LCRA attempted to increase electric rates in the city of San Marcos at a meeting held October 19, 1972. The notice of that meeting made no reference to rates. At another meeting on May 24, 1973, notice of the meeting included a statement that the Board would consider other matters concerning the Authority's operations
 including the ratification of the prior action of the Board taken on October 19, 1972, in response [sic] to changes in electric power rates for electric power sold within the boundaries of the City of San Marcos, Texas.
The Texas Supreme Court considered this notice and held:
 The notice of the 1973 meeting is not as clear as it might be, but it would alert a reader to the fact that some action would be considered with respect to charges for electric power sold in San Marcos. In our opinion the notice was sufficient to comply with the statute.
Id. at 646. See also Texas Turnpike Authority v. City of Fort Worth, 20 Tex. Sup. Ct. J. 492 (July 27, 1977).
In Open Records Decision No. 103 (1975), we held that information which would disclose the identity of an employee evaluated and discussed in a properly closed session, and on which the board took no official action, is excepted from required public disclosure by section 3(a)(1) and 3(a)(2) of the Open Records Act, article 6252-17a, V.T.C.S. Information reflecting discussion of personnel matters properly held in closed session is excepted from required disclosure under sections 3(a)(1) and 3(a)(2) of that Act. Open Records Decision Nos. 93, 82, 81, 68 (1975); 60 (1974).
The primary interest protected by section 2(g) permitting personnel matters to be discussed privately is that in avoiding possible unjustified harm to the reputation of the individual officer or employee under consideration. See Attorney General Opinion H-246 (1974). While this is an important interest, it cannot be permitted to completely eliminate the public's right to be notified with reasonable specificity of the subject matter to be considered at a meeting of a governmental body, particularly when the subject is one in which the public can reasonably be expected to have a special interest, such as the appointment of the chief executive officers of a university system and a state university. While the public is not entitled to observe or participate in the Board's closed discussion of the qualifications of individuals under consideration for appointment to such a position, we believe that the public is entitled to reasonable notice that the Board will consider filling such positions at its meeting. In addition, any vote or other final action on a matter discussed in closed session must be taken in an open meeting properly noticed in accord with section 3A. V.T.C.S. art. 6252-17, § 2(1). Thus, the legislature has decided that the governing body must inform the public of the fact of its action, even though it may deliberate in private.
In our view, an item stating only that the Board would meet in executive session on `Discussion of personnel changes' did not provide adequate public notice that the Board would consider acting to fill the positions of chancellor and university president at that meeting. The term `personnel' is so general that it could apply to a large number of subjects that might come before the Board. Consequently, we do not believe the notice given complied with the Act's subject matter notice requirement in this instance.
It is possible that the appointment will not be judicially challenged, but if it is properly challenged, action taken at a meeting not held in compliance with the Open Meetings Law is voidable by the courts. Lower Colorado River Authority v. City of San Marcos, supra; Attorney General Opinions H-662, H-594 (1975). If the Board decides to consider ratifying the appointments at a future meeting, it must post adequate notice of such proposal. See Attorney General Opinion H-419 (1974).
 SUMMARY
The Board of Directors of the Texas A I University system has authority to select and appoint administrative officers by any procedure it chooses, as long as its action is not unreasonable, arbitrary, capricious, or discriminatory. Notice of an executive session on `Discussion of personnel changes' is not sufficiently specific as to subject matter to comply with the Open Meetings Act notice requirement in regard to the appointment of a university system chancellor and a university president, since the positions are ones in which the public can reasonably be expected to have a special interest.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee